IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | |
|---|---|
| MICHAEL W. HUNTER,<br><br>Plaintiff,<br><br>vs.<br><br>ST. EMPLOYEE: CAMPBELL,<br><br>Defendant. | CV 19-00022-H-BMM-JTJ<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE |

Plaintiff Michael Hunter filed a pleading which the Court construed as a proposed Complaint (Doc. 1) and an Affidavit of Inability to Pay Filing Fees and Other Costs which has been construed as a motion to proceed in forma pauperis (Doc. 3).

Mr. Hunter did not submit an account statement with his motion to proceed in forma pauperis. Despite this failure, however, the Court will grant the motion to proceed in forma pauperis. Because he is incarcerated, Mr. Hunter must pay the statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The initial partial filing fee is waived and Mr. Hunter may proceed with the case. *See Bruce v. Samuels*, 136 S.Ct 627, 629 (2016)("the initial partial filing fee may not be exacted if the prisoner has no means to pay it, § 1915(b)(4)"). Mr. Hunter will be required to

1

pay the fee in installments and make monthly payments of 20% of the preceding month's income credited to his prison trust account. The percentage is set by statute and cannot be altered. 28 U.S.C. § 1915(b)(2). Mr. Hunter must make these monthly filing-fee payments simultaneously with the payments required in any other cases he has filed. *Id.* By separate order, the Court will direct the facility where Mr. Hunter is held to forward payments from Mr. Hunter's account to the Clerk of Court each time the account balance exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

On April 8, 2019, this Court issued an Order finding that Mr. Hunter's Complaint failed to state a claim upon which relief could be granted and was subject to dismissal. (Doc. 4.) Mr. Hunter was given an opportunity to file an amended complaint but he failed to do so. Accordingly, for the reasons set forth in the Court's April 8, 2019 Order (Doc. 4), the Court finds that Mr. Hunter has failed to state a federal claim upon which relief may be granted.

Based upon the foregoing, the Court issues the following:

## ORDER

1. Mr. Hunter's Motion for Leave to Proceed in forma pauperis (Doc. 3) is GRANTED. The Clerk of Court shall waive prepayment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc.

1) to remove the word "LODGED" and the Complaint is deemed filed on March 20, 2019.

Further, the Court issues the following:

## RECOMMENDATIONS

1. This matter should be DISMISSED for failure to state a federal claim.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. No reasonable person could suppose an appeal would have merit. The record makes plain the Complaint lacks arguable substance in law or fact.

4. The Clerk of Court should be directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g) because Mr. Hunter failed to state a claim upon which relief may be granted.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Hunter may file objections to these Findings and Recommendations

within fourteen (14) days after service (mailing) hereof.[1] 28 U.S.C. § 636. Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 29th day of May, 2019.

                                            */s/ John Johnston*
                                            John Johnston
                                            United States Magistrate Judge

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Mr. Hunter is being served by mail, he is entitled an additional three (3) days after the period would otherwise expire.